Jennifer M. ARNDT, Plaintiff–Appellant,

v.

The CITY OF BOULDER and its Department of Public Works—Inspection Services; the City of Boulder Board of Building Appeals; Braco Holdings, Inc., a foreign corporation; Sally Dalton and Robert Dalton, individually, Defendants–Appellees.

No. 93CA1057.

Colorado Court of Appeals, Div. I.

Oct. 6, 1994.

Rehearing Denied Nov. 3, 1994.

Certiorari Denied June 5, 1995.

**1094**

Osgood, Simpson and Harris, L.L.C., Steven E. Harris, Boulder, for plaintiff-appellant.

Office of Boulder City Atty., Joseph N. de Raismes, III, City Atty., Alan E. Boles, Jr., Asst. City Atty., Boulder, for defendants-appellees City of Boulder and City of Boulder Bd. of Bldg. Appeals.

Hutchinson Black and Cook, L.L.C., Heather Ryan, Boulder, for defendants-appellees Braco Holdings, Inc., Robert Dalton and Sally Dalton.

Opinion by Judge KAPELKE.

Plaintiff, Jennifer M. Arndt, appeals from the trial court's order affirming the decision of the Board of Building Appeals (Board) which reinstated a building permit for the construction of an addition to a neighboring property owned by Braco Holdings, Inc., a company held by Sally and Robert Dalton (collectively the Daltons). Plaintiff also appeals from the trial court's order dismissing her claims against the Daltons. We affirm.

In October 1987, plaintiff applied to the City of Boulder (City) for a permit pursuant to the Boulder Solar Access Ordinance (Ordinance), Boulder Revised Code § 9–8–1, et seq. (1981), to provide solar access protection to her greenhouse. Following a hearing in November 1987 at which the Daltons appeared in opposition, the Board of Zoning Adjustment (Zoning Board) granted plaintiff's application and issued the requested solar access permit.

On December 9, 1987, plaintiff's permit was recorded in the records of the Boulder County Clerk and Recorder, but it was not recorded so as to affect the Daltons' property.

In 1991, the Daltons applied for a permit to build an addition to their home. The addition would have shaded plaintiff's greenhouse more than the solar access permit allowed. In their application for the building permit, the Daltons did not disclose the existence of plaintiff's solar access permit or describe how the proposed addition would be affected by that permit.

On November 22, 1991, the City granted the Daltons' application and issued a building permit allowing them to begin construction of the addition.

In January 1992, plaintiff complained to the City that the Daltons were about to violate her solar access permit. The City determined that it had granted the building permit in error and issued a stop work order. Thereafter, the City partially suspended the Daltons' building permit pending a determination of the effect of plaintiff's solar access permit rights on the proposed construction of the Daltons' addition.

The Daltons appealed the suspension of the building permit to the Board, which found, following evidentiary hearings, that the Daltons' addition would create only an insubstantial breach of plaintiff's solar access permit and was therefore exempt from the Ordinance under Boulder Revised Code § 9–8–12(b) (1981). Accordingly, the Board revoked the partial suspension of the building permit, and the Daltons resumed construction of the addition.

On April 23, 1992, plaintiff filed a complaint against the Daltons and the City pursuant to C.R.C.P. 57, 65, and 106(a)(4), seeking judicial review of the Board's decision and a preliminary injunction to prevent the Daltons from continuing construction.

The trial court treated plaintiff's request for a preliminary injunction as a motion for a temporary restraining order and, following a hearing on April 28, 1992, denied her request.

The Daltons filed a motion to dismiss the claims against them on the ground that, because plaintiff had failed to record her solar access permit against the Daltons' property prior to the issuance of their building permit, she could not enforce her solar access permit against the Daltons. The trial court treated the motion as a motion for summary judgment and granted it on July 8, 1992.

With respect to plaintiff's remaining claims against the City for judicial review of the

Board's decision, the trial court concluded, in an order dated December 3, 1992, that there was no evidence in the record to support the Board's determination that the Daltons' addition would not substantially breach plaintiff's solar access permit. The court therefore reversed the Board's ruling and remanded the case to the Board for further findings and conclusions on the unresolved issues that had been presented to the Board.

At a hearing in January 1993, the Board heard oral arguments but did not receive any additional evidence. On January 29, 1993, the Board issued amended findings and conclusions in which it again determined that the City had erroneously suspended the Daltons' building permit.

The Board's ruling was based on its conclusions that: (1) plaintiff's permit had expired under Boulder Revised Code § 9-8-9(a)(2) (1981) because the solar energy system she installed was so different from the one for which the permit was issued that the system had not functioned to fulfill its intended purpose; (2) the Daltons' addition was exempt under Boulder Revised Code § 9-8-12(c) (1981) because prohibiting the Daltons from building the addition would not materially increase plaintiff's access to usable direct sunlight; and (3) the Daltons' addition did not "obstruct solar access protected by permit."

Plaintiff again sought judicial review of the Board's decision and renewed her request for an injunction.

In its order affirming the Board's amended decision, the trial court concluded that there was competent evidence in the record to support the Board's first and second rationales for revoking the suspension of the Daltons' building permit.

There was never a hearing or ruling by the trial court on plaintiff's renewed request for injunctive relief.

## I.

■ Plaintiff first contends that the trial court erred in remanding the matter to the Board for further findings after reversing the Board's first order. We disagree.

Under C.R.C.P. 106(a)(4)(IX), if an administrative agency has "failed to make findings of fact or conclusions of law necessary for a review of its action," a reviewing court may "remand for the making of such findings of fact or conclusions of law."

Here, the Board's decision addressed only the parties' arguments regarding the applicability of § 9-8-12(b). The Board specifically noted that the parties had raised a number of issues that it deemed unnecessary to consider in light of its conclusion that the Daltons' addition was exempt under § 9-8-12(b). Accordingly, after reversing the Board's decision, the trial court remanded the case to the Board "for further findings on issues that were presented to it but not decided."

Under these circumstances, the trial court did not abuse its discretion in remanding the case to the Board.

## II.

Plaintiff next contends that there was no competent evidence in the record to support the Board's decision of January 29, 1993. Plaintiff's argument is twofold.

## A.

■ First, plaintiff maintains that there is no evidence in the record to support the Board's conclusion that plaintiff's permit had expired under § 9-8-9(a)(2). We disagree.

■ At the outset, we note that the standard of review in a C.R.C.P. 106(a)(4) proceeding is limited to a determination of whether the administrative agency exceeded its jurisdiction or abused its discretion. *Ross v. Fire & Police Pension Ass'n*, 713 P.2d 1304 (Colo.1986). The Board's decision must be upheld if it is supported by competent evidence in the record, and its findings may not be set aside merely because the evidence was conflicting or susceptible of more than one inference. *See Colorado Municipal League v. Mountain States Telephone & Telegraph Co.*, 759 P.2d 40 (Colo.1988).

Section 9-8-9(a)(2) provides that a solar access permit expires if:

The solar energy system protected by the permit has not functioned to fulfill its in-

tended purpose for a continuous period of two or more years.

The instructions on the solar access permit application require the applicant to provide detailed information about the proposed solar energy system, including "a statement describing the beneficial use to which solar energy is or will be applied and certifying the energy capacity of the system."

The Ordinance provides that a property owner may obtain a solar access permit upon demonstrating that the proposed solar energy system "is capable of applying to beneficial use substantial amounts of solar energy." Boulder Revised Code § 9–8–7(b)(2) (1981). The Ordinance further provides that:

> Beneficial use is the limit and measure of any right conferred by permit and no permit shall restrict use of other property beyond the extent reasonable to insure efficient and economical beneficial use of solar energy by the permittee. Further, no permit shall restrict the reasonable use and enjoyment of adjacent properties.

Boulder Revised Code § 9–8–7(a) (1981).

A solar access permit may be issued for the particular solar energy system described in an application if the Zoning Board determines that the interests of the other affected property owners do not outweigh the applicant's need for the permit and the benefit to be derived from the proposed system.

Here, plaintiff represented in her application that her proposed solar energy system was a greenhouse that would reduce by 25% the amount of nonsolar energy she would otherwise need to heat her home. The Zoning Board noted in the minutes of its hearings that its staff "found the proposed greenhouse to be a solar energy system" and that "the system would provide for 26% of the heating of the house." The Zoning Board issued the solar access permit to protect the solar energy system described in plaintiff's application.

However, plaintiff did not install the solar energy system described in her application, but rather a somewhat changed system that reduced by only 12% to 14% the amount of nonsolar energy that would otherwise be required to heat her home. Thus, the system she installed has an energy capacity of approximately one-half the capacity of the system for which the Zoning Board issued the permit.

Under these circumstances, we conclude that there was competent evidence in the record to support the Board's determination that plaintiff's permit had expired under § 9–8–9(a)(2) because the solar energy system she installed was so different from the one for which the permit was issued that the system had "not functioned to fulfill its intended purpose."

We reject plaintiff's contention that a solar energy system fulfills its intended purpose within the meaning of § 9–8–9(a)(2) if it satisfies the minimum requirements of a solar energy system under Boulder Revised Code § 9–8–2(h) (1981).

Section 9–8–2(h) states:

> 'Solar energy system' means any human-made system that relies upon sunshine as an energy source and is capable, through physical, chemical, or biological means, of collecting, distributing, storing (if appropriate to the technology), and applying solar energy to beneficial use so as to reduce the amount of nonsolar energy that would otherwise be used by at least ten percent.

As discussed above, a property owner may obtain a solar access permit only for the specific solar energy system described in the permit application. The Ordinance does not provide for the issuance of a solar access permit to any property owner who intends to build a solar energy system that satisfies the minimum requirements of § 9–8–2(h).

Nor does the Ordinance provide, as plaintiff contends, that a solar access permit expires under § 9–8–9(a)(2) only if the property owner installs a system that produces less than 10% of the owner's heating needs. Rather, § 9–8–9(a)(2) provides that a solar access permit expires if the specific "system protected by the permit has not functioned to fulfill its intended purpose." The intended purpose of the system protected by plaintiff's permit was to provide 25% of her heating needs. The Board reasonably concluded that the plaintiff's system does not fulfill that purpose.

### B.

Because the record supports the Board's decision to reinstate the Daltons' building permit on the ground that plaintiff's solar access permit had expired under § 9–8–9(a)(2), we need not address plaintiff's contention that there is no competent evidence in the record to support the Board's conclusion that the Daltons' addition was exempt under § 9–8–12(c).

### III.

Plaintiff next maintains that the trial court erred in dismissing her claims against the Daltons. We disagree.

The starting point in interpreting an ordinance is the language itself. When that language is clear and unambiguous, the ordinance should be construed as written, since the function of the court in such a case is to enforce the ordinance according to its terms. *Cherry Hills Resort Development Co. v. City of Cherry Hills Village,* 790 P.2d 827 (Colo.1990).

Boulder Revised Code § 9–8–9(d) (1981) provides that:

> A solar access permit is enforceable by the beneficiary, if and only if the beneficiary has properly recorded the permit in the real property records of the Boulder County Clerk and Recorder with respect to each affected lot in such a manner that it could be detected through a customary title search.

The meaning of § 9–8–9(d) is clear. A beneficiary of a solar access permit may enforce the permit against another property owner only if the beneficiary has recorded the permit so that a title search of the other owner's property would reveal the existence of the permit.

Before the Daltons filed their application for a building permit, they performed a title search and found that plaintiff's solar access permit had not been recorded against their lot. Plaintiff did not record her permit against the Daltons' lot until February 14, 1992, nearly three months after the Daltons had obtained a building permit.

Because plaintiff's solar access permit had not been recorded as to the Daltons' lot "in such a manner that it could be detected through a customary title search" before the Daltons applied for their building permit, the trial court properly concluded that, under § 9–8–9(d), plaintiff could not enforce her solar access permit against the Daltons.

We also reject plaintiff's contention that, because the Daltons had actual notice of her solar access permit when they applied for their building permit, they may not challenge plaintiff's right to enforce her permit. The Ordinance permits enforcement of the permit only as against those property owners whose properties have been affected by the recording of the permit, and there is no exception relating to actual notice or knowledge.

Finally, contrary to plaintiff's contention, Boulder Revised Code § 9–8–11 (1981) does not give her an "independent right" to sue the Daltons to enforce her permit whether or not she properly recorded her permit against their property.

Section 9–8–11 provides that:

> Any person with an interest in any matter that is subject to the provisions of this chapter may initiate a lawsuit in a court of competent jurisdiction to enforce those provisions.

While this section recognizes the availability of judicial remedies, it does not create an exception to the specific recording requirement in § 9–8–9(d).

### IV.

We also reject plaintiff's contention that the trial court erred in failing to hear evidence regarding her renewed request for a preliminary injunction.

In light of the trial court's conclusion on the merits, there would have been no basis for entry of an injunction precluding the Daltons from constructing their addition as permitted or requiring them to dismantle it after completion. Accordingly, plaintiff's request for injunctive relief is moot.

The judgment is affirmed.

STERNBERG, C.J., and CRISWELL, J., concur.